UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SYSONGKHAM PHANTHAY, et al., | Case No. 2:24-cv-01558-BNW |
| Plaintiffs, | **ORDER** |
| v. | |
| CIRCUS CIRCUS HOTEL & CASINO, | |
| Defendant. | |

Before the Court are eight Motions for Demand for Security of Costs: four from Defendant Circus Circus Hotel & Casino, and four from former Defendant Phil Ruffin. ECF Nos. 14-21. Phil Ruffin has been terminated as a Defendant from this case, therefore his Motions are moot and are thus denied. ECF No. 10.

Defendant seeks an order from the Court for Plaintiffs to post a cost bond pursuant to N.R.S § 18.130(1) as Plaintiffs are not residents of Nevada. Because each of the Plaintiffs here have been granted leave to proceed *in forma pauperis*, they are exempt from paying security costs and Defendant's Motions are therefore denied.

Under N.R.S. § 18.130(1), "When a plaintiff in an action resides out of the State, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant." The Ninth Circuit has stated the following with respect to a demand for security for costs in federal court:

> There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs. However, the federal district courts have inherent power to require plaintiffs to post security for costs. Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved.

*Simulnet E. Assoc. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (citation and internal quotations omitted). While the United States District Court for the District of Nevada has not adopted a specific court rule with respect to security for costs, it has applied N.R.S. § 18.130 in

diversity-jurisdiction cases. *Hamar v. Hyatt Corp.*, 98 F.R.D. 305 (D. Nev. 1983) ("It has been the policy of the United States District Court for the District of Nevada to enforce the requirements of N.R.S. 18.130 in diversity actions.").

Here, the complaint was filed based on diversity jurisdiction. ECF No. 1 at 1–1. However, Plaintiffs have all been granted leave to proceed *in forma pauperis*. ECF No. 10. Parties who have been granted leave to proceed *in forma pauperis* are explicitly exempt not just from prepayment of fees, but from prepayment of security costs. 28 U.S.C. § 1915(a)(1); s*ee also Arrambide v. St. Mary's Hosp., Inc.*, 647 F. Supp. 1148, 1149 (D. Nev. 1986) (stating that plaintiffs who prove their indigent status in detail by affidavit are exempt from paying security costs); *Feagins v. Trump Org.*, No. 11-cv-01121, 2012 WL 925027, at *1 (D. Nev. Mar. 19, 2012) (stating that plaintiffs who are granted leave to proceed *in forma pauperis* are exempt from paying security costs).

As stated above, each of the Plaintiffs in this case have been granted leave to proceed *in forma pauperis*. ECF No. 10. Therefore, they are exempt from paying security costs. As a result, Defendant's Motions are denied.

**IT IS THEREFORE ORDERED** that Defendant Circus Circus Hotel & Casino's Motions for Demand for Security of Costs (ECF Nos. 14, 16, 18, 20) are **DENIED**.

**IT IS FURTHER ORDERED** that former Defendant Phil Ruffin's Motions for Demand for Security of Costs (ECF Nos. 15, 17, 19, 21) are **DENIED**.

DATED this 19th day of November 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

2