UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SYSONGKHAM PHANTHAY, VONGPHACHANH PHOUMY, NANTHA PHANATHAY, PHAT SOUNNAKHONE,<br><br>Plaintiffs,<br><br>vs.<br><br>CIRCUS CIRCUS HOTEL & CASINO, CIRCUS CIRCUS LAS VEGAS, PHIL RUFFIN,<br><br>Defendants. | Case No.: 2:24-cv-01558-APG-BNW<br><br>**Order Modifying Prior Order to Dismiss** |

On January 7, 2025, I denied the plaintiffs' motions for entry of default and default judgment, and I granted the defendants' motion to dismiss this case. ECF No. 34. Subsequently, the plaintiffs requested additional time to respond to the motion to dismiss, which I granted. ECF Nos. 36, 37. The plaintiffs have now filed their response. ECF No. 38. That response focuses almost exclusively on the plaintiffs' request for default and default judgment. But it does not rebut the fact that the defendants have appeared in and defended this lawsuit. Thus, as I held before, entry of default and default judgment is improper. Fed. R. Civ. P. 55(b).

The plaintiffs' response does not address the substance of the motion to dismiss. In that motion, the defendants argue that this court lacks diversity jurisdiction because "all three defendants are citizens of the State of Nevada." ECF No. 23 at 1. But that fact is irrelevant because diversity jurisdiction exists where there is complete diversity between the plaintiffs and the defendants. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978) ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff. . . . [D]iversity jurisdiction is not to be available when any plaintiff is a

citizen of the same State as any defendant." (quotation omitted)).  The plaintiffs are all citizens of California. ECF No. 11 at 1, 3.  Therefore, this court can exercise diversity jurisdiction over this case.

The defendants also argue that the plaintiffs' complaint fails to state a claim upon which relief may be granted. ECF No. 23 at 6-7.  I agree.  It appears that the plaintiffs are alleging they paid for rooms at the Circus Circus Hotel but were forced to vacate them. ECF No. 11 at 4.  It is unclear if the plaintiffs are alleging claims for breach of contract, wrongful eviction, or some other torts.  The complaint does not describe which of the plaintiffs, if any, had contracts with the defendants for rooms, why their alleged eviction from the rooms was wrongful, and how each defendant would be liable for a breach of contract or tort.  I thus grant the motion to dismiss.  But I grant the plaintiffs leave to file an amended complaint if they can allege sufficient facts to support clearly-defined claims for relief.

If the plaintiffs choose to file an amended complaint, they are advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").  This means that the amended complaint must contain all facts and claims and identify all defendants that the plaintiffs intend to sue.  The plaintiffs must allege facts sufficient to show what each defendant did to give rise to a claim against them.

The plaintiffs should be aware that if they intend to litigate this case on their own without a lawyer, they must each represent themselves and sign pleadings and court filings on their own.  A pro se plaintiff cannot represent any other plaintiff.

I THEREFORE confirm my prior order (ECF No. 34) denying the plaintiffs' motions for entry of clerk's default and default judgment and granting the defendants' motion to dismiss.

I FURTHER ORDER that the plaintiffs may file an amended complaint **by February 28, 2025**. The amended complaint must be signed by each plaintiff. If the amended complaint is not filed by that date, this case will be closed.

I FURTHER ORDER the clerk of court to reopen this case.

DATED this 30th day of January, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE